**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4800**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID ALLEN DAY,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.  James C. Turk, Senior District Judge.  (CR-02-30064-JCT)

Submitted:  March 31, 2006                 Decided:  May 9, 2006

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard A. Davis, Charlottesville, Virginia, for Appellant.  John L. Brownlee, United States Attorney; Craig J. Jacobsen, Assistant United States Attorney; Linda Leigh Rhoads, Third-Year Practice Law Student, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

David Allen Day was convicted after a jury trial of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 (2000), distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (2000), possession of a firearm after being convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g) (2000), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2005). He received a 481-month sentence.

Day's conviction rested in part upon evidence seized during a traffic stop conducted in Alabama. Day moved to exclude the evidence of drugs, currency, and a firearm seized during the stop. The district court denied the motion after a hearing on the matter on the day trial began. This court reviews the district court's factual findings underlying a motion to suppress for clear error and its legal determinations de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). When a motion to suppress has been denied, the court construes the evidence in the light most favorable to the government. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

Day first argues that the initial traffic stop of the van in which he was traveling and owned was unlawful because the

driver's operation of the van was not in violation of the law. The driver received a warning citation for violating Alabama Code section 32-5A-88, for failure to remain in the marked lane. The evidence demonstrates that the stop was valid. See United States v. Scheetz, 293 F.3d 175, 183-84 (4th Cir. 2002) (an automobile stop is reasonable where the police have probable cause to believe that a traffic violation has occurred).

Day next argues that the additional questioning of him and the driver, Greg Shifflett, after the traffic stop was complete was impermissible. The district court made the factual finding that their consent was valid and voluntary. Once a traffic stop has concluded, a continued conversation between an officer and suspect can be a consensual encounter if a reasonable person would have felt free to leave. See, e.g., United States v. Weaver, 282 F.3d 302, 309 (4th Cir. 2002).

This court has found consent to be voluntary on facts similar to those in the case at hand. See United States v. Lattimore, 87 F.3d 647, 649-50 (4th Cir. 1996). Further, this court gives due regard to the district court's opportunity to judge the credibility of witnesses and does not review credibility determinations. See United States v. Lowe, 65 F.3d 1137, 1142 (4th Cir. 1995). We therefore conclude that the district court did not err in finding that Day and Shifflett consented to the search and in denying the motion to suppress.

Day argues that venue was not proper in Virginia because the charges related to the Alabama stop did not occur in Virginia. Day filed several pre-trial motions in the district court and did not raise the issue of improper venue. He also moved for judgment of acquittal under Fed. R. Crim. P. 29(c) and did not raise venue. He challenges venue on the distribution of methamphetamine and possession of a firearm in furtherance of a drug trafficking crime charges for the first time on appeal.

Day has waived this claim by failing to object in the district court. See United States v. Stewart, 256 F.3d 231, 238 (4th Cir. 2001) ("If an objection to venue is not raised in the district court, the issue is waived on appeal."). Moreover, an offense "begun in one district and completed in another, . . . may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a) (2000). Because Day's van trip originated in the Western District of Virginia, venue was proper in that district.

Day asserts the evidence is insufficient to sustain his conviction on count six: possessing a firearm in furtherance of a drug trafficking crime on February 7, 2002--the date of the Alabama stop--in violation of 18 U.S.C.A. § 924(c)(1)(C)(i), because the Government failed to establish that possession of the firearm furthered the drug trafficking crime. To determine whether there was sufficient evidence to support a conviction, this court

considers whether, taking the evidence in the light most favorable to the Government, any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942). After reviewing the evidence, we conclude that the evidence was sufficient to support the conviction. <u>See</u> <u>United States v. Lomax</u>, 293 F.3d 701, 705 (4th Cir. 2002).

Finally, Day contends that the district court erred by imposing a 121-month sentence, which was at the lowest end of the Sentencing Guidelines range, on a count that carried a 120-month minimum sentence, when the court had expressed dissatisfaction with the severity of the sentence. Day argues that the aggregate sentence imposed upon him was "unreasonable." However, because he was sentenced prior to the Sentencing Guidelines becoming advisory, as outlined in <u>United States v. Booker</u>, 543 U.S. 220 (2005), his sentence is not subject to a reasonableness review. Further, Day does not cite <u>Booker</u> or its progeny to raise an argument that the mandatory application of the Guidelines resulted in prejudicial error. Thus, there is no basis to find district court error.

Accordingly, we affirm Day's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>